IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JESUS DOMINGUEZ MATA, TDCJ-CID No. 2020692, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:16-CV-256-Z |
| | § | |
| MARY LOU ROBINSON, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION
DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff JESUS DOMINGUEZ MATA, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

Plaintiff filed a "writ of mandamus" against three named defendants: Mary Lou Robinson, Clinton Averitte, and the United States prosecutor assigned to his criminal case. By his writ, plaintiff does not cite specific factual allegations of misconduct by defendants (ECF No. 3). The writ appears to only be a general complaint, but plaintiff specifically sues the former United States Senior District Judge, the former United States Magistrate Judge, and presumably the United States Department of Justice Prosecutor, all of the Amarillo Division of the Northern District of Texas.

## ANALYSIS

At the time of this filing, plaintiff was an inmate housed at the Texas Department of Criminal Justice (TDCJ) Clements Unit in Amarillo, Texas. The Court notes plaintiff's writ conforms to the handwriting and pattern of a sanctioned litigant who assists other Clements Unit

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

prisoners with litigation in defiance of Court sanctions to the other prisoners' detriment. This appears to be such a case, where no facts relate to this plaintiff and the complaint or request for mandamus is filled only with legal references unrelated to factual allegations.

Federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, plaintiff's allegations establish no federal constitutional or statutory violation specific to the plaintiff or to any other individual.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that a civil pleading submitted to the Court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 also requires that the pleading contain "a demand for the relief sought." FED. R. CIV. P. 8(a)(3). Although no technical form is required, each allegation in a pleading must be simple, concise and direct. FED. R. CIV. P. 8(d)(1). Such a statement and demand is necessary to provide the opposing party with fair notice of what the claim is, the grounds upon which it rests, and the relief being sought. In reviewing the adequacy of a pleading, the task of the Court is not to decide if the pleading party will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014).

Plaintiff's complaint is wholly inadequate and fails to provide anything related to a request for relief or grounds for his suit. To the extent plaintiff thinks the Court should sift through his attachments to guess at his claims, the Court declines to do so.

The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself. Plaintiff ultimately is the master of his complaint and the person responsible for articulating the facts that give rise to a cognizable claim. *Davis v. Scott*, 157 F.3d 1003, 1005-1006 (5th Cir. 1998).

Additionally, to any extent plaintiff's claims relate to actions taken by the defendants against him in some other criminal or civil litigation in this district, all defendants sued by plaintiff are entitled to immunity. The United States District Judge and United States Magistrate Judge are entitled to absolute judicial immunity for judicial acts, and the United States prosecutor is entitled to prosecutorial immunity. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). Prosecutors are immune from section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Thus, to any extent plaintiff also seeks damages against any defendant, his claims are barred by immunity.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section

1983 be DISMISSED without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

January 16, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE